UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RALPH NEAL,<br><br>       Plaintiff,<br><br>   v.<br><br>SELECT PORTFOLIO SERVICING, INC., et al.,<br><br>       Defendants. | Case No. 5:15-cv-03212-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 7 |

In this action, Plaintiff Ralph Neal ("Plaintiff") brings suit against Select Portfolio Servicing, Inc. ("SPS") and Bank of America, N.A. (collectively "Defendants") for claims related to a home loan he obtained from Washington Mutual Bank ("WAMU") in 2007. Presently before the court is Defendants' motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 7. Plaintiff opposes the motion. Dkt. No. 15. Having carefully reviewed the relevant papers submitted by the parties, the Court GRANTS Defendants' Motion to Dismiss for the reasons explained below.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On May 25, 2007, Plaintiff obtained a home loan in the amount of $1,150,000 secured by a note and deed of trust ("DOT") encumbering his residence located at 1588 Calco Creek Drive in San Jose, California (the "Property"). Dkt. No. 8, at Ex. A.[1] The DOT was recorded with the

---

[1] Defendants' request for judicial notice is GRANTED. See Fed. R. Evid. 201(b) (the court "may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); see also Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (the court "may take judicial notice of court filings and other matters of public record").

1

Case No.: 5:15-cv-03212-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Santa Clara County Recorder's Office on May 17, 2006, and identifies WAMU as lender and beneficiary on the loan, Plaintiff as its trustor, and California Reconveyance Company ("CRC") as the trustee. Id. at 6-7.

On November 4, 2010[2], JP Morgan Chase Bank ("Chase"), the successor-in-interest to WAMU, recorded an "Assignment of Deed of Trust" which purportedly transferred its interest to Bank of America. Id. at Ex. B. The Assignment identified Bank of America as the successor by merger to LaSalle Bank, which previously served as a trustee for WAMU Mortgage Pass-Through Certificate Series 2007-OA6. Id. The pertinent portion of the Assignment states:

> FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to Bank of America, National Association, successor by merger to LaSalle Bank NA as trustee for WaMu Mortgage Pass-Through Certificates Series 2007-OA6 Trust all beneficial interest under that certain Deed of Trust dated 05-17-2007 . . . .
>
> DATE: November 03, 2010

Id.

Plaintiff initiated this action in Santa Clara County Superior Court on June 1, 2015. He alleges that SPS now claims to be the current servicer of his loan. Dkt. No. 2 at ¶ 31. He further alleges that Defendants made "transfers" and "assignments" of the loan such that "it is now unknown and doubtful who is the current lender/beneficiary/assignee with legal authority and standing regarding the mortgage" on the Property. Id. at ¶ 12. Plaintiff also contends "upon information and belief" that Defendants used deceptive business models "with the purpose of immediately selling pools of loans to the securities market and with the fraudulent intent to foreclose rather than modifying or helping homeowners" which he asserts is "contrary to federal and state efforts to assist homeowners." Id. at ¶ 13. According to Plaintiff, Defendants are "engaged in the securitization of loans whereby they have been buying and selling mostly toxic loans as Trustees of a Securitized Trust with pooling and service agreements." Id. at ¶ 15.

Specific to his own loan, Plaintiff alleges Chase did not have authority to execute an

---

[2] On November 3, 2010 a Notice of Default was also recorded by CRC. Dkt. No. 8, at Ex. C.

1    assignment of the DOT to Bank of America because there was "no prior chain of assignment,
2    recorded or unrecorded," to Chase from the original lender, WAMU. Id. at ¶ 28. Plaintiff also
3    asserts that without an effective assignment, Defendants lack the requisite standing to initiate a
4    foreclosure or execute a loan modification. Id. at ¶ 33. In addition, Plaintiff alleges his loan was
5    assigned to a securitized trust after the trust's closing date, rendering the assignment void. Id. at ¶
6    36. Furthermore, Plaintiff asserts that Defendants violated the California Homeowner's Bill of
7    Rights ("CHBOR") by failing to provide a single point of contact ("SPOC") for a loan
8    modification application. Id. at ¶ 54.

9    Procedurally, SPS removed this case to federal court on July 10, 2015. Defendants filed
10   the instant motion on July 17, 2015, to which Plaintiff filed an opposition on September 14, 2015.
11   Defendants filed a reply to the opposition on September 24, 2015.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001).

In addition, the court must generally accept as true all "well-pleaded factual allegations."

3
Case No.: 5:15-cv-03212-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678.

## III. DISCUSSION

Plaintiff asserts the following claims: (1) Wrongful Assignment of Deed of Trust; (2) Lack of Legal Standing; (3) violation of the CHBOR; (4) Promissory Estoppel; (5) Unjust Enrichment; (6) Accounting; (7) Declaratory Relief; (8) Quiet Title; (9) violation of the Unfair Competition Law ("UCL"), California Business and Professions Code § 17200; and (10) violations of Consumer Financial Protection Act ("CFPA"). Defendants move to dismiss all ten claims, each of which is discussed below.

### A. Wrongful Assignment of Deed of Trust and Lack of Legal Standing

In the first claim entitled "Wrongful Assignment of Deed of Trust," Plaintiff alleges that Chase "had no legal authority" to execute an assignment of the DOT to Bank of America because there was no "chain of assignment" from WAMU, his original lender, to Chase. Plaintiff further alleges that Defendants improperly securitized the DOT by assigning it to a trust after the closing date required by the trust's governing documents, commonly referred to as a Pooling and Servicing Agreement ("PSA"). Plaintiff makes similar allegations in his second claim entitled "Lack of Legal Standing."

In response to these claims, Defendants argue it is actually Plaintiff who lacks standing to challenge either the validity of the assignment or any irregularities in the securitization process. The court agrees. As to the assignment of the DOT from WAMU to Chase, both state and federal courts have held that "third-party borrowers lack standing to assert problems in the assignment of the loan." Flores v. GMAC Mortg., LLC, No. C-12-794-SI, 2013 WL 2049388, at *3 (N.D. Cal. May 14, 2013); Moran v. GMAC Mortg., LLC, No. 13-CV-04981-LHK, 2014 WL 3853833, at *4 (N.D. Cal. Aug. 5, 2014); Simmons v. Aurora Bank, FSB, No. 13-CV-00482 HRL, 2013 WL 5508136, at *2 (N.D. Cal. Sept. 30, 2013) ("Even if there were some defect in the assignment of

4
Case No.: 5:15-cv-03212-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

the deed of trust, that assignment would not have changed plaintiff's payment obligations."); Fontenot v. Wells Fargo Bank, N.A., 198 Cal. App. 4th 256, 272 (2011) ("If MERS . . . lacked the authority to make the assignment, the true victim was not plaintiff but the original lender, which would have suffered the unauthorized loss of a $1 million promissory note"). This so because an alleged defect in the assignment chain does not invalidate or change the terms of the underlying loan. See Fontenot, 198 Cal. App. 4th at 272 (observing, in addressing a similar claim, that "an assignment merely substituted one creditor for another, without changing [plaintiff's] obligations under the note"). This means that Plaintiff remains obligated to make loan payments as required by his agreement with WAMU irrespective of the validity or invalidity of the DOT assignment. Indeed, as another court has observed, the "true victim" in this scenario is not Plaintiff, but the noteholder, because it "would have suffered the unauthorized loss of a $1 million promissory note." Id. Therefore, Plaintiff cannot assert a claim for "Wrongful Assignment of Deed of Trust."

The same is true of Plaintiff's challenge to any aspect of the securitization process as completed in violation of the trust's PSA. Under California law, "someone who is not a party to [a] contract has no standing to enforce it." Jones v. Aetna Cas. & Sur. Co., 26 Cal. App. 4th 1717, 1722 (1994). To that end, the California Court of Appeal held in Jenkins v. JP Morgan Chase Bank, N.A., 216 Cal. App. 4th 497, 515 (2013), that:

> As an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note, [plaintiff] lacks standing to enforce any agreements, including the investment trust's pooling servicing agreement, relating to such transactions . . . even if any subsequent transfers of the note were invalid, [plaintiff] is not the victim of such invalid transfers because [plaintiff's] obligations under the note remained unchanged. Instead, the true victim may be an entity or individual who believes it has a present beneficial interest in the promissory note and may suffer the unauthorized loss of their interest in the note.

Similarly, this court has dismissed as legally implausible analogous theories based on defects in the securitization process. See, e.g., Sepehry-Fard v. Aurora Bank FSB, No. 5:12-cv-00871 EJD, 2013 WL 597788, at *4 (N.D. Cal. Jan. 29, 2013) (rejecting theories of liability based on securitization of the note and violation of the PSA).

5
Case No.: 5:15-cv-03212-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Plaintiff relies on Glaski v. Bank of America, N.A., 218 Cal. App. 4th 1079 (2013), to support his standing to challenge the securitization of his loan. In Glaski, the California Court of Appeal found that a plaintiff sufficiently stated a claim for wrongful foreclosure by alleging the DOT was transferred to a securitized trust after the pool's closing date. 218 Cal. App. 4th at 1097-98. This court has previously observed, however, that Glaski represents a distinct minority view regarding a borrower's standing to enforce or assert claims based on alleged violations of a trust's PSA, and this district has uniformly rejected Glaski as persuasive authority. See Miller v. JP Morgan Chase Bank, N.A., No. 5:13-CV-03192-EJD, 2014 WL 3921361, at *4 (N.D. Cal. August 8, 2014) ("The California Supreme Court has not ruled on whether borrowers may challenge the mortgage securitization process so as to reconcile Glaski with other California authority, but unpublished Court of Appeal opinions have characterized Glaski as the minority view."); see also Khan v. ReconTrust Co., 81 F. Supp. 867, 873 (N.D. Cal. 2014) ("The court . . . concludes that plaintiffs lack standing to challenge noncompliance with a PSA in securitization unless they are parties to the PSA or third party beneficiaries of the PSA."); see also Dahnken v. Wells Fargo Bank, N.A., No. C-13-2838-PJH, 2013 WL 5979356, at *2 (N.D. Cal. Nov. 8, 2013) ("[T]he court adopts the majority position of courts within this district, which is that plaintiffs lack standing to challenge noncompliance with a PSA in securitization unless they are parties to the PSA or third party beneficiaries of the PSA") (citations omitted); see also McGough v. Wells Fargo Bank, N.A., No. C-12-0050-TEH, 2012 WL 2277931, at *4 (N.D. Cal. June 18, 2012) ("To the extent that Plaintiff bases her claims on the theory that Wells Fargo allegedly failed to comply with the terms of the PSA, the court finds that she lacks standing to do so because she is neither a party to, nor a third party beneficiary of, that agreement"); see also Almutarreb v. Bank of New York Trust Co., N.A., No. C-12-3061-EMC, 2012 WL 4371410, at *2 (N.D. Cal. Sept. 24, 2012) (holding that plaintiffs "lack standing to challenge the validity of the securitization process, including whether the loan transfer occurred outside the temporal bounds prescribed by the PSA"). So has the Ninth Circuit Court of Appeals. Davies v. Deutsche Bank Nat' Trust Co. (In re Davies), 565 Fed. Appx. 630, 633 (9th Cir. 2014) ("[Plaintiff] cannot challenge violations of the pooling and

servicing agreement . . . . the weight of authority holds that debtors in [plaintiff's] shoes - who are not parties to the pooling and servicing agreements - cannot challenge them . . . .")

For these reasons, the court finds as a matter of law that Plaintiff lacks the requisite standing to challenge irregularities in either the assignment or the securitization of his home loan. Accordingly, the first and second claims will be dismissed without leave to amend since allowing for further amendment would be futile under these circumstances. Miller v. Rykoff-Sexton, 845 F. 2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient.").

### B. California Homeowner's Bill of Rights

In the third claim for violation of CHBOR, Plaintiff alleges "there were various document irregularities" within the purview of the statute. He further contends that Defendants denied him a "rightful opportunity" for a loan modification and instead chose to short sell or takeover the Property. Plaintiff also alleges that Defendants failed to provide him with a SPOC, which he argues is a requirement under the statute

Defendants argue that Plaintiff has not stated a claim under the CHBOR because a facial reading of the statute requires a homeowner to initiate a request for a SPOC. Defendants further assert that even if Plaintiff did specifically request a SPOC, the provision of such a contact is nonetheless dependent on a "request for a foreclosure prevention alternative" from the homeowner. According to Defendants, Plaintiff failed to allege such a request in his complaint.

The relevant portion of the CHBOR is contained in California Civil Code § 2923.7(a). It reads as follows:

> Upon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact

Even though this portion of the CHBOR begins with "upon request from a borrower who requests a foreclosure prevention alternative," courts have been reluctant to interpret this phrase as requiring a homeowner to specifically request a SPOC. See McFarland v. JP Morgan Chase Bank,

7
Case No.: 5:15-cv-03212-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

No. 13-CV-01838-JGB, 2014 WL 4119399, at *11 (C.D. Cal. Aug. 21, 2014) (citing Penermon v. Wells Fargo Bank, N.A., 47 F. Supp. 3d 982, 1000 (N.D. Cal. 2014)).  Courts do, however, interpret the statute as requiring the borrower to request a foreclosure prevention alternative. Penermon, 47 F. Supp. 3d at 1000 ("A plain reading of the statute requires Wells Fargo to assign a SPOC when a borrower requests a foreclosure prevention alternative").  A request for a loan modification qualifies as a foreclosure prevention alternative.  Id. ("Enrico contacted Wells Fargo to request a loan modification, which is a request for 'a foreclosure prevention alternative'"); see also Tapia, 2015 WL 4650066, at *3 ("Plaintiff alleges that he attempted to modify his mortgage with Defendant several times . . . . because Plaintiff alleges he requested a foreclosure prevention alternative and was not appointed a contact person, this series of facts is sufficient to both give notice to the Defendant and to plausibly suggest entitlement to relief").

Here, it is not clear from Plaintiff's allegations whether and when he requested a "foreclosure prevention alternative," such that the court can determine whether he was then wrongfully denied a SPOC.  Although he argues in opposition that he had been "on many occasions . . . trying to seek modification of the loan even from the time when Chase was handling the servicing," this allegation is not contained in the Complaint.  Even if it was, the phrase "trying to seek" is ambiguous; trying to request something is not the same as actually requesting it.

Based on the current allegations, Plaintiff has not stated a claim under the CHBOR.  The third claim will be dismissed with leave to amend.

### C. Promissory Estoppel

In support of a claim for promissory estoppel, Plaintiff alleges SPS agreed to modify his loan and that he relied on that promise to his detriment.  Defendants respond to this claim by pointing out that Plaintiff failed to allege a "clear and unambiguous promise" or justifiable reliance on such a promise.

A claim for promissory estoppel requires the establishment of the following four elements: (1) a promise that is clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) the reliance must be reasonable and foreseeable; and (4) the party asserting

the estoppel must be injured by his or her reliance." Cockrell v. Wells Fargo Bank, N.A., No. 13-cv-02072-SC, 2013 WL 3830048, at *1 (N.D. Cal. July 23, 2013); see also Boon Rawd Trading Int'l Co., Ltd. v. Paleewong Trading Co., Inc., 688 F. Supp. 2d 940, 953 (N.D. Cal. 2010).

Plaintiff has failed to state a claim for promissory estoppel. As to the first element, Plaintiff does not disclose anything beyond a terse and conclusory statement that an unidentified individual at SPS agreed to modify his loan, which he simultaneously concedes did not contain any specific terms. Such an allegation does not constitute a "clear and ambiguous" promise. See Aguilar v. Int'l Longshoremen's Union Local #10, 966 F.2d 443, 446 (9th Cir. 1992) ("[A] promise that is 'vague, general or of indeterminate application' is not enforceable through a claim for promissory estoppel); Aguinaldo v. Ocwen Loan Servicing, LLC, No. 5:12-CV-01393-EJD, 2012 WL 3835080, at *4 (N.D. Cal. Sep. 4, 2012) ("Where an alleged promise is conditional or subject to further negotiations, the 'clear and unambiguous' requirement for promissory estoppel is not met."). The case Plaintiff relies on for this claim, Garcia v. World Savings, FSB, 183 Cal. App. 4th 1031 (2010), does not hold otherwise.

In addition, the current allegations do not establish the second and third elements, which together require justifiable reliance. Promissory estoppel only "binds a promissor 'when he should reasonably expect a substantial change of position, either by act or forbearance, in reliance on his promise, if injustice can be avoided only by its enforcement.'" Jones v. Wachovia Bank, 230 Cal. App. 4th 935, 944 (2014) (quoting Garcia, 183 Cal. App. 4th at 1041). Outside of a conclusion, Plaintiff did not plead what he did or did not do in reliance on SPS's alleges promise to modify his loan.

Due to these deficiencies, the third claim for promissory estoppel will be dismissed with leave to amend.

### D. Unjust Enrichment

Within the claim for unjust enrichment, Plaintiff alleges that Defendants materially altered the total amount of his loan by charging exorbitant fees and hidden charges. Defendants argue that unjust enrichment is not a valid cause of action.

In California, a standalone cause of action for "unjust enrichment," when synonymous with "restitution," does not exist. Astiana v. Hain Celestial Grp., Inc., 783 F. 3d 753, 762 (9th Cir. 2015). This is because unjust enrichment and restitution simply describe the theory underlying a claim that a defendant has been unjustly conferred a benefit "through mistake, fraud, coercion, or request." Id. The return of that benefit is the remedy that is typically "sought in a quasi-contract cause of action." Id.

When a plaintiff asserts unjust enrichment, a court may "construe the cause of action as a quasi-contract claim seeking restitution." Id.; see Jogani v. Super. Ct., 165 Cal. App. 4th 901, 911 (2008) ("As Jogani concedes, however, unjust enrichment is not a cause of action. Rather, it is a general principle underlying various doctrines and remedies, including quasi-contract."). Importantly, however, a claim for quasi-contract "cannot lie where there exists between the parties a valid express contract covering the same subject matter." Lance Camper Mfg. Corp. v. Republic Indemnity Co., 44 Cal. App. 4th 194, 203 (1996).

Here, Plaintiff's allegations reveal that this claim is rooted in the same subject matter covered by an express contract, namely the DOT he executed with his original lender. Plaintiff cannot, on the one hand, acknowledge this written contract and, on the other, maintain a claim for quasi-contract based on terms governed by that document. Id. (holding that, to maintain a claim for quasi-contract, the plaintiff "must allege that the express contract is void or was rescinded in order to proceed"). The fifth claim for unjust enrichment will therefore be dismissed with leave to amend.

### E.   Accounting

An accounting is generally an equitable remedy. Pantoja v. Countrywide Home Loans, Inc., 640 F. Supp. 2d 1177, 1197 (N.D. Cal. 2009). In rare cases, an accounting can be a cause of action when a defendant has a fiduciary duty to a plaintiff which requires an accounting, and some balance is due to the plaintiff that can only be ascertained by a judicial accounting. Id. at 1191. Thus, two elements must be pled: "(1) the relationship between a plaintiff and defendant, such as a fiduciary relationship, calls for an accounting, and (2) the defendant owes a balance to the plaintiff

that is too complicated to calculate without an accounting from the Court." Ford v. Lehman Bros. Bank, FSB, No. C 12-00842 CRB, 2012 WL 2343898, at *14 (N.D. Cal. June 20, 2012) (citing Teselle v. McLoughlin, 173 Cal. App. 4th 156, 179 (2009)). "An action for accounting is not available if the amount of debt can be made certain by calculation." Id.

Plaintiff's allegations fall far short from pleading a viable accounting claim for several reasons. First, Plaintiff admits there is no fiduciary relationship between himself and any Defendant, and despite his representation to the contrary, nothing in Arbuckle v. Clifford F. Reid, Inc., 118 Cal. App. 272 (1931), excuses that element. Second, Plaintiff has not plausibly alleged why anything about his loan is so complicated such that only a judicial accounting can sort it out. Vague allusion to unspecified "charges and fees" and reference to the monthly loan payment is not enough. Third, the validity of the DOT assignment is irrelevant to an accounting claim.

Due to these deficiencies, the sixth claim for accounting will be dismissed with leave to amend.

### F.   Declaratory Relief

Under 28 U.S.C. § 2201, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." However, such relief is limited by the express terms of the statute to cases "of actual controversy." 28 U.S.C. 2201(a). Consequently, there must be a real controversy between the parties for a plaintiff to assert a claim for declaratory judgment. See Principal Life Ins. Co. v. Robinson, 394 F.3d 665, 669 (9th Cir. 2005) ("[W]e have long held that the district court must first inquire whether there is an actual case or controversy within its jurisdiction.").

Plaintiff has not cited to facts which raise an actual controversy between himself and any defendant. It appears this claim is based on a portion of the PSA entitled "Article II - Assumption of Liabilities." But as has been explained above, Plaintiff is not a party to the PSA and has no standing to either enforce or challenge it. Accordingly, he cannot base a claim for declaratory relief on the terms of that document. This claim will be dismissed with leave to amend.

11
Case No.: 5:15-cv-03212-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

### G. Quiet Title

A claim to quiet title must describe five elements: "(1) a legal description of the property and its street address or common designation, (2) the title of the plaintiff and the basis of the title, (3) the adverse claims to the title of the plaintiff, (4) the date as of which the determination is sought and (5) a prayer for the determination of the title of the plaintiff against the adverse claims." Janolkar v. Bank of Am., N.A., No. 5:12-cv-03693 EJD, 2012 WL 6115629, at *3 (N.D. Cal. Dec. 10, 2012) (citing Cal. Civ. Proc. Code § 761.020).

Plaintiff's quiet title claim is particularly deficient on the second element because the allegations do not plausibly establish a basis for Plaintiff's entitlement to the Property. "A basic requirement of an action to quiet title is an allegation that plaintiffs 'are the rightful owners of the property, i.e., that they have satisfied their obligations under the Deed of Trust.'" Santos v. Countrywide Home Loans, No. Civ. 2:09-02642, 2009 WL 3756337, at *4 (E.D. Cal. Nov.6, 2009) (quoting Kelley v. Mortg. Elec. Reg. Sys., Inc., 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009)). Indeed, "[t]he cloud upon title persists until the debt is paid," and the borrower "cannot clear his title without satisfying his debt." Aguilar v. Bocci, 39 Cal. App. 3d 475, 477-78 (1974). Thus, "[u]nder California law, a borrower may not assert an action to quiet title against a mortgagee without first paying the outstanding debt on the property." Williams v. Bank of America Nat'l Assoc., No. 15-CV-00792-LHK, 2015 WL 6602403, at *7 (N.D. Cal. Oct. 30, 2015).

Here, Plaintiff suggests a "legal and equitable interest" based on his position as trustor to the DOT. But the terms of the DOT also state that Plaintiff is obligated to make loan payments, and Plaintiff has not alleged the ability to satisfy the debt in order to quiet title. To the extent Plaintiff contends that an alleged void assignment relieves him of the contractual payment obligation, the court disagrees for reasons already explained. See Simmons, 2013 WL 5508136, at *2. The cases cited by Plaintiff, all of which are factually distinguishable because they discuss foreclosure sales, do not compel another conclusion.

Since Plaintiff has not described a plausible basis for ownership of the Property, the claim

12
Case No.: 5:15-cv-03212-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

for quiet title will be dismissed with leave to amend.

### H. Violation of the CFPA

In the Complaint, Plaintiff alleges "Defendants are in clear violation of the Consumer Financial Protection Act of 2010." However, there is no private right of action under the CFPA. Nguyen v. Ridgewood Sav. Bank, No. 14-CV-1058-MKB, 2015 WL 2354308, at *11 (E.D.N.Y. May 15, 2015) ("Plaintiffs provide no statutory basis, and the Court can find none, for finding a private right of action under these provisions of the statute, which outline duties, authorities and enforcement powers . . . ."); see Johnson v. J.P. Morgan Chase Nat'l Corp. Servs., Inc., No. 13-CV-678-MOC-DSC, 2014 WL 4384023, at *5 (W.D.N.C. Aug. 5, 2014) ("[T]here is no private right of action under the CFPA."). This claim will be dismissed without leave to amend because allowing a further amendment would be futile. Miller, 845 F. 2d at 214.

### I. Violation of the UCL

The UCL proscribes three varieties of competition: "acts or practices which are unlawful, or unfair, or fraudulent." Khoury v. Maly's of California, Inc., 14 Cal. App. 4th 612, 618-19 (1993). "Unlawful" practices are "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." Saunders v. Super. Ct., 27 Cal. App. 4th 832, 838 (1999). "Unfair" practices constitute "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." Cal-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 187 (1999). The "fraudulent" prong under the UCL requires a showing of actual or potential deception to some members of the public, or harm to the public interest. See id. at 180; see also McKell v. Wash. Mut., Inc., 142 Cal. App. 4th 1457 (2006). The UCL 'borrows' violations of other laws and treats them as unfair business practices under the unlawful prong, and also "makes clear that a practice may be deemed unfair even if not specifically proscribed by some other law." Cal-Tech, 20 Cal. 4th at 180.

Plaintiff has not pled a plausible UCL claim. The claim fails to the extent it is based on any of his other dismissed claims. See Franczak v. Suntrust Mortg. Inc., No. 5:12-cv-01453 EJD,

13

Case No.: 5:15-cv-03212-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

2013 WL 4764327, at * (N.D. Cal. Sept. 5, 2013).  In addition, neither the conclusory allegation that Defendants violated the UCL by "engag[ing] in deceptive business practices with respect to loan servicing" and "related foreclosure activities," nor the list of general practices which follow that allegation, are sufficient to satisfy the applicable pleading standard.  See Ashcroft, 556 U.S. at 678 (holding that a complaint containing "naked assertions devoid of further factual enhancement" will not suffice).  The UCL claim will therefore be dismissed with leave to amend.

### IV. CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' Motion to Dismiss.  The claims for "Wrongful Assignment of Deed of Trust" (Claim 1), "Lack of Legal Standing" (Claim 2), and Violation of the Consumer Financial Protection Act (Claim 10) are each DISMISSED WITHOUT LEAVE TO AMEND.  All other claims are DISMISSED WITH LEAVE TO AMEND.

Any amended complaint must be filed on or before **January 26, 2016**, and must be consistent with the discussion above.  Plaintiff is advised that, although leave to amend certain claims has been permitted, he may not add new claims or new parties to this action without first obtaining Defendants' consent or leave of court pursuant to Federal Rule of Civil Procedure 15.

In addition, Plaintiff is advised that the court may dismiss this action without further notice for failure to prosecute under Federal Rule of Civil Procedure 41(b) if an amended complaint is not filed by the deadline designated herein.

The court declines to set a case management schedule at this time given the dismissal of all claims.

**IT IS SO ORDERED.**

Dated: January 5, 2016

EDWARD J. DAVILA
United States District Judge

14
Case No.: 5:15-cv-03212-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS