UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RALPH NEAL,<br><br>    Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC., et al.,<br><br>    Defendants. | Case No. 5:15-cv-03212-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 26 |

Plaintiff Ralph Neal ("Plaintiff") alleges in this action that Defendants Select Portfolio Servicing, Inc. ("SPS") and Bank of America, N.A. (collectively "Defendants") have improperly sought to foreclose on residential property.

Federal jurisdiction arises pursuant to 28 U.S.C. § 1332. Presently before the court is Defendants' Motion to Dismiss the First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 26. Plaintiff opposes the motion. Having carefully reviewed the relevant papers submitted by the parties, the court has concluded that none of Plaintiff's causes of action withstand scrutiny. Thus, Defendants' Motion to Dismiss will be granted for the reasons explained below.

**I.  BACKGROUND**

Plaintiff is the trustor of a Deed of Trust ("DOT") recorded on or about May 25, 2007, against residential property located on Calco Creek Drive in San Jose (the "Property") pursuant to the refinance of a loan. FAC, Dkt. No. 25, at ¶ 1. The original lender on the DOT was Washington Mutual, FA, and the original trustee was California Reconveyance Company ("CRC"). Id. at ¶ 11.

1
Case No.: 5:15-cv-03212-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

On November 4, 2010, CRC recorded an Assignment noting a transfer of the DOT from JP Morgan Chase Bank to "Bank of America, National Association successor by merger to LaSalle Bank NA as trustee for WaMu Mortgage Pass-Through Certificates Series 2007-OA6 Trust." Req. for Judicial Notice, Dkt. No. 27, at Ex. B.[1]  That same day, CRC also recorded a Notice of Default providing that Plaintiff owed past due payments of $70,383.83.  Id. at Ex. C.  CRC thereafter recorded a Notice of Trustee's Sale on February 7, 2011.  Id. at Ex. D.

Though the balance of the allegations in the FAC are diffuse, Plaintiff generally alleges the DOT was subsequently transferred and assigned and that "due to the chain of assignments, it is now unknown and doubtful who is the current lender/beneficiary/assignee with legal authority and standing regarding the mortgage" on the San Jose property.  Id. at ¶ 12.  He discovered "several material inconsistencies and inaccuracies" with the total loan amount, the crediting of payments, and the imposition of "exorbitant fees," and "undisclosed and hidden charges."  Id. at ¶ 21.  Plaintiff also discovered "document irregularities" and other problems with the foreclosure process.  Id. at ¶ 22.

Plaintiff initiated this action on July 10, 2015, and all causes of action in his original complaint were dismissed, some with and some without leave to amend.  Dkt. No. 22.  Plaintiff filed the FAC on January 25, 2016, and now asserts the following causes of action: (1) quiet title, (2) Declaratory Relief, (3) violation of the California Homeowners Bill of Rights ("CHBOR"), (4) Promissory Estoppel, (5) unjust enrichment, (6) accounting, and (7) violation of the Unfair Competition Law ("UCL"), California Business and Professions Code § 17200 et seq.  This motion followed the FAC.

---

[1] The Request for Judicial Notice is GRANTED.  See Fed. R. Evid. 201(b) (providing that the court "may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); see also Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (holding the court "may take judicial notice of court filings and other matters of public record").

2
Case No.: 5:15-cv-03212-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

## II.  LEGAL STANDARD

### A.  Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Id. at 556-57.  A complaint that falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

When deciding whether to grant a motion to dismiss, the court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009).  The court must also construe the alleged facts in the light most favorable to the plaintiff. See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014) (providing the court must "draw all reasonable inferences in favor of the nonmoving party" for a Rule 12(b)(6) motion).  However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678.

Also, the court usually does not consider any material beyond the pleadings for a Rule 12(b)(6) analysis. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990).  Exceptions to this rule include material submitted as part of the complaint or relied upon in the complaint, and material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001).

### B.  Pro Se Pleadings

Where, as here, the pleading at issue is filed by a plaintiff proceeding pro se, it must be construed liberally. Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).  In doing so, the court "need not give a plaintiff the benefit of every conceivable doubt" but "is required only to draw

3
Case No.: 5:15-cv-03212-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

every reasonable or warranted factual inference in the plaintiff's favor." McKinney v. De Bord, 507 F.2d 501, 504 (9th Cir. 1974). The court "should use common sense in interpreting the frequently diffuse pleadings of pro se complainants." Id. A pro se complaint should not be dismissed unless the court finds it "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972).

## III.  DISCUSSION

### A.  Quiet Title

A claim to quiet title must describe five elements: "(1) a legal description of the property and its street address or common designation, (2) the title of the plaintiff and the basis of the title, (3) the adverse claims to the title of the plaintiff, (4) the date as of which the determination is sought and (5) a prayer for the determination of the title of the plaintiff against the adverse claims." Janolkar v. Bank of Am., N.A., No. 5:12-cv-03693 EJD, 2012 U.S. Dist. LEXIS 174756, at *9, 2012 WL 6115629 (N.D. Cal. Dec. 10, 2012) (citing Cal. Civ. Proc. Code § 761.020).

Defendants argue the allegations in the FAC fail to establish the second element of a quiet title cause of action, and the court previously dismissed the claim on that basis. The court observed that a basic requirement of the claim "is an allegation that plaintiffs 'are the rightful owners of the property, i.e., that they have satisfied their obligations under the Deed of Trust.'" Santos v. Countrywide Home Loans, No. Civ. 2:09-02642, 2009 U.S. Dist. LEXIS 103453, at *10, 2009 WL 3756337 (E.D. Cal. Nov.6, 2009) (quoting Kelley v. Mortg. Elec. Reg. Sys., Inc., 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009)). Indeed, "[t]he cloud upon title persists until the debt is paid," and the borrower "cannot clear his title without satisfying his debt." Aguilar v. Bocci, 39 Cal. App. 3d 475, 477-78 (1974). Thus, "[u]nder California law, a borrower may not assert an action to quiet title against a mortgagee without first paying the outstanding debt on the property." Williams v. Bank of America Nat'l Assoc., No. 15-CV-00792-LHK, 2015 U.S. Dist. LEXIS 148337, at *22, 2015 WL 6602403 (N.D. Cal. Oct. 30, 2015). However, "[f]ull tender of the indebtedness is not required if the borrower attacks the validity of the underlying debt." Lueras v.

4

1    BAC Home Loans Servicing, LP, 221 Cal. App. 4th 49, 87 (2013).

2        Here, Plaintiff is not challenging the validity of the underlying debt; to the contrary, he
3    specifically recognizes the DOT in the FAC and none of his causes of action seek to circumvent
4    any payment obligations under its terms. FAC, at ¶¶ 11, 24. Plaintiff also relies on the existence
5    of the DOT as a basis to pursue the quite title claim. To that end, Plaintiff suggests a "legal and
6    equitable interest" in the Property based on his position as trustor. Id. at ¶ 24. That sort of interest
7    is not enough, though, in light of the FAC's particular allegations since they do not provide a
8    plausible basis to excuse tender.

9        Plaintiff's arguments in opposition do not alter the analysis. First, Plaintiff questions
10   Defendants' ability to foreclose due to a purported defect in the transfer of assets from
11   Washington Mutual to JP Morgan Chase Bank upon the latter bank's assumption of the former.
12   Specifically, Plaintiff alleges that JP Morgan Chase "has no legal standing to execute the
13   assignment to Bank of America National Association, as there was no prior chain of
14   assignment(s), recorded or unrecorded, to JP Morgan Chase in the first place from the original
15   lender Washington Mutual, or its assignees, nor any other legal documentation to prove such
16   assignment(s)." FAC, at ¶ 29. This protestation has no bearing on whether Plaintiff has alleged
17   facts in the FAC entitling him to proceed on a claim for *quiet title*, as opposed to one for *wrongful*
18   *foreclosure*, because the elements of quiet title require him to plausibly and affirmatively identify
19   a basis upon which he could be determined the rightful owner of the Property.[2] Gerhard v.
20   Stephens, 68 Cal. 2d 864, 918 (1968) (holding that the quiet title plaintiff "can prevail only by the
21   establishment of his own title and not by reliance upon a weakness in defendant's title" such that
22   the plaintiff "must prove a title in himself superior to that of defendant"). Plaintiff cannot do so

---

[2] Notably, a claim for wrongful foreclosure does not contain a similar element. They are: "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." Sciarratta v. U.S. Bank Nat'l Assn., 247 Cal. App. 4th 552, 561-62 (2016).

5
Case No.: 5:15-cv-03212-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

*United States District Court*
*Northern District of California*

without alleging tender.

Similarly, the contention that JP Morgan Chase "lacked standing" to transfer the DOT to Bank of America because it was not acquired from Washington Mutual is contradicted by a document attached to the FAC and is not entitled to an assumption of truth for that reason.  See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) (providing that for a Rule 12(b)(6) motion, the court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit," or allegations that are "conclusory, unwarranted deductions of fact, or unreasonable inferences").  Pursuant to Section 3.1 of the 2008 Purchase and Assumption Agreement submitted with the FAC as Exhibit B, JP Morgan Chase purchased from the Federal Deposit Insurance Corporation ("FDIC"), which was acting as the receiver for a defunct Washington Mutual, "all right, title, and interest of the Receiver in and to all of the assets . . . of the Failed Bank."  As another member of this court has observed, "[n]umerous courts have recognized that the FDIC could validly transfer to [JP Morgan] Chase 'all right, title, and interest of the Receiver in and to all of the assets' of [Washington Mutual] pursuant to a P&A Agreement, such as the one here."  Thompson v. JPMorgan Chase Bank, N.A., No. 16-cv-06134-BLF, 2017 U.S. Dist. LEXIS 32548, at *14-15, 2017 WL 897440 (N.D. Cal. Mar. 7, 2017).  And contrary to Plaintiff's argument, the terms of the Purchase and Assumption Agreement do not need to await presentation to the trier of fact before they can be considered.  See Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987) ("If a complaint is accompanied by attached documents, the court is not limited by the allegations contained in the complaint . . . . [t]hese documents are part of the complaint and may be considered in determining whether the plaintiff can prove any set of facts in support of the claim."); see also Carswell v. JPMorgan Chase Bank N.A., 500 Fed. Appx. 580, 583 (9th Cir. 2012) (affirming district court's decision to take judicial notice of the 2008 Purchase and Assumption Agreement between the FDIC and JP Morgan Chase).

Second, Plaintiff argues the securitized trust to which his DOT was transferred, and the

6
Case No.: 5:15-cv-03212-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

trust's current trustee,[3] have "no legal standing whatsoever as they are not even mentioned nor indicated in their purportedly judicially noticed documents, nor in any other documents." This contention is inaccurate as to the trust because it is plainly identified in the Assignment recorded on November 4, 2010. It is also without merit to the extent it is a challenge to the ability of the trust or its current trustee to demand a foreclosure sale of the Property because neither need be mentioned in a recorded document before initiating the process. See Yvanova v. New Century Mortg. Corp., 62 Cal. 4th 919, 927 (2016) ("A promissory note is a negotiable instrument the lender may sell without notice to the borrower."); see also Calvo v. HSBC Bank USA, N.A., 199 Cal. App. 4th 118, 122 (2011) (holding the "statutory requirement that an assignment of the beneficial interest in a debt secured by real property must be recorded in order for the assignee to exercise the power of sale applies only to a mortgage and not to a deed of trust").

Third, Plaintiff states in the FAC that the tender requirement should be excused because a foreclosure sale of the property has not yet occurred, citing Pfeifer v. Countrywide Home Loans, Inc., 211 Cal. App. 4th 1250 (2012). Though the Pfeifer court observed that "[c]ourts . . . have not required tender when the lender has not yet foreclosed and has allegedly violated laws related to avoiding the necessity for a foreclosure," it was not confronted with a claim for quiet title. 211 Cal. App. 4th at 1280. Pfeifer, therefore, is not applicable.

Fourth, Plaintiff's continued reliance on Glaski v. Bank of America, National Association, 218 Cal. App. 4th 1079 (2013), still does not assist him with this cause of action. In Glaski, the California Court of Appeal found that the plaintiff sufficiently stated a claim for wrongful foreclosure by alleging the DOT was transferred to a securitized trust after its closing date because, in that court's opinion, the defect rendered the transfer void rather than voidable. 218 Cal. App. 4th at 1097-98. Glaski is factually distinguishable because Plaintiff does not directly allege in the FAC that his DOT was untimely transferred to the securitized trust (though he argues this point in opposition), instead focusing on purported deficiencies in the asset transfer between

---

[3] Defendants represent that the current trustee is U.S. Bank.

7
Case No.: 5:15-cv-03212-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

the FDIC and JP Morgan Chase and subsequent assignments of the DOT's beneficial interest. But as noted, those allegations do not show that any transfer of the DOT was void.

Fifth, the California Supreme Court's decision in <u>Yvanova v. New Century Mortgage Corporation</u> does not support Plaintiff. In <u>Yvanova</u>, the court held that third-party homeowners may bring a wrongful foreclosure suit only if they allege errors rendering an aspect of the assignment of their debt void and not just voidable. 62 Cal. 4th at 939. Importantly, the court also described its holding as "narrow," such that the court did not "hold or suggest that a borrower may attempt to preempt a threatened nonjudicial foreclosure by a suit questioning the foreclosing party's right to proceed." <u>Id</u>. at 924; <u>accord</u> <u>Saterbak v. JPMorgan Chase Bank, N.A.</u>, 245 Cal. App. 4th 808, 814 ("California courts do not allow such preemptive suits because they 'would result in the impermissible interjection of the courts into a nonjudicial scheme enacted by the California Legislature.'"). Since Plaintiff is attempting to do just that through this action, <u>Yvanova</u> is inapposite.

Sixth, the "robo-signing" allegations are ineffective. Even if the Assignment recorded on November 4, 2010, was "robo-signed" by Colleen Irby, that fact would not affect the validity of the foreclosure process because, again, the recording of that document was not required. <u>Thompson</u>, 2017 U.S. Dist. LEXIS 32548, at *16-17.

In short, Plaintiff must have alleged tender in order to state a claim for quiet title, but has not done so. This cause of action will therefore be dismissed.

**B.   Declaratory Relief**

Under 28 U.S.C. § 2201, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." However, such relief is limited by the express terms of the statute to cases "of actual controversy." 28 U.S.C. 2201(a); <u>see</u> <u>Aetna Life Ins. Co. v. Haworth</u>, 300 U.S. 227, 239-40 (1937). Thus, the dispute must "admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." <u>MedImmune, Inc. v.</u>

8
Case No.: 5:15-cv-03212-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Genentech, Inc., 549 U.S. 118, 127 (2007).

The prior version of the declaratory relief claim was dismissed because Plaintiff did not identify an "actual controversy" between himself and Defendants. He still has not done so. As an initial matter, the FAC does not clarify what exactly Plaintiff seeks to have the court declare. That deficiency alone makes this claim subject to dismissal because without that information, neither the court nor Defendants can determine what dispute is at issue. See Conkey v. Reno, 885 F. Supp. 1389, 1392 (D. Nev. 1995) ("The failure to indicate what in particular plaintiffs seek by way of a declaratory judgment is in itself a failure to state a claim.").

The statutes mentioned within the claim do not assist in that regard. Plaintiff cites California Civil Code 2923.6(a) and alleges that Defendants are "contractually bound to implement the loan modification." FAC, at ¶ 51. But § 2923.6(a) does not provide for a private right of action and does not mandate loan modifications. Pfeifer, 211 Cal. App. 4th at 1282 n.17. Moreover, the details of the purported loan modification that Plaintiff believes must be implemented are not alleged in the FAC. Consequently, any declaration of rights under § 2923.6(a), if one can be made at all, would constitute an impermissible advisory opinion on hypothetical facts.

Plaintiff also cites California Civil Code § 2924 which he alleges "provides consumer protection against wrongful foreclosure to California mortgage debtors as the state has an interest in the protection of debtors." FAC, at ¶ 53. Plaintiff does not, however, specify which of § 2924's several provisions are the subject of this claim.

In addition, and though not entirely clear, Plaintiff suggests an actual controversy because the Assignment and Notice of Default designate different beneficiaries. Id. at ¶ 56. Those documents do not support that allegation and even if they did, the mistaken designation would not be prejudicial to Plaintiff. Rockridge Trust v. Wells Fargo, N.A., 985 F. Supp. 2d 1110, 1146-47 (2013). The Notice of Default demonstrates that it was recorded by CRC, which Plaintiff admits was the trustee designated on the DOT. Cal. Civ. Code § 2924(a)(6).

For these reasons, Plaintiff has not alleged a plausible claim for declaratory relief.

### C. CHBOR

In the original complaint, Plaintiff alleged that Defendants violated one provision of the CHBOR, California Civil Code § 2923.7(a), by failing to provide him with a "single point of contact" ("SPOC"). This claim was previously dismissed because Plaintiff did not allege whether and when he asked for either a SPOC or foreclosure prevention alternative. Plaintiff now alleges that he requested a SPOC "on numerous occasions" and that Defendants "continuously ignored" his requests. FAC, at ¶ 64.

The amended allegations are still insufficient. Though Plaintiff alleges he requested a SPOC, he only vaguely does so; the FAC does not reveal when he made any of the requests. These facts are necessary for a claim that is plausible on its face because, without them, Plaintiff has not shown he made any requests for a SPOC after § 2923.7(a) came into effect. Iqbal, 556 U.S. at 678 (holding that a claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Whereas the Notice of Default was recorded against the property in 2010, the CHBOR did not become effective until 2013. Lueras, 221 Cal. App. 4th at 86 n.14.

In addition, Plaintiff's bare allegations do not explain why the denial of an SPOC was material. The CHBOR only provides a pre-foreclosure remedy for material violations of § 2923.7. A material violation is one where "the alleged violation affected a plaintiff's loan obligations or the modification process." Cornejo v. Ocwen Loan Servicing, LLC, 151 F. Supp. 3d 1102, 1113 (E.D. Cal. 2015). No such materiality allegations are provided in the FAC.

The other statutes cited within the claim do not change the analysis. The portion of the CHBOR requiring a mortgage servicer to provide certain information to a borrower prior to recording a Notice of Default, California Civil Code § 2923.55 (which Plaintiff mistakenly identifies as § 2923.5), does not apply because, like § 2923.7(a), it did not become effective until 2013, and is not retroactive. Rockridge Trust, 985 F. Supp. 2d at 1152. And the FAC does not establish a violation of § 2924(a)(6) for reasons already explained.

The claim for violation of the CHBOR will be dismissed.

### D. Promissory Estoppel

A claim for promissory estoppel requires the establishment of the following four elements: "(1) a promise that is clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) the reliance must be reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his or her reliance." Cockrell v. Wells Fargo Bank, N.A., No. 13-cv-02072-SC, 2013 U.S. Dist. LEXIS 103050, at *11, 2013 WL 3830048 (N.D. Cal. July 23, 2013); see also Boon Rawd Trading Int'l Co., Ltd. v. Paleewong Trading Co., Inc., 688 F. Supp. 2d 940, 953 (N.D. Cal. 2010).

The prior version of this claim was dismissed because it merely recited the requisite elements without any specific facts. The version of the FAC is no different. As to the promise element, Plaintiff alleges that Bank of America agreed to modify the loan and that SPS made a consistent representation to Plaintiff. FAC, at ¶ 70. He also admits the promise was not made pursuant to any specific terms. Id. Those bare facts, devoid of any details, are still not enough to establish a "clear and unambiguous" commitment to modify the loan. See Aguilar v. Int'l Longshoremen's Union Local #10, 966 F.2d 443, 446 (9th Cir. 1992) ("[A] promise that is 'vague, general or of indeterminate application' is not enforceable through a claim for promissory estoppel); Daniels v. Select Portfolio Servicing, Inc., 246 Cal. App. 4th 1150, 1179 (2016). The case Plaintiff cites in the FAC, Garcia v. World Savings, FSB, 183 Cal. App. 4th 1031 (2010), is in accord and factually distinguishable in any event since the plaintiff in that action presented specific facts supporting the promise at issue.

Plaintiff's reliance allegations are similarly deficient. Promissory estoppel only "binds a promisor 'when he should reasonably expect a substantial change of position, either by act or forbearance, in reliance on his promise, if injustice can be avoided only by its enforcement.'" Jones v. Wachovia Bank, 230 Cal. App. 4th 935, 944 (2014) (quoting Garcia, 183 Cal. App. 4th at 1041). Without knowing the terms that Plaintiff believes were promised by Defendants, he has not established that his reliance assertion is plausible.

Because it remains deficiently pled, the claim for promissory estoppel will be dismissed.

11
Case No.: 5:15-cv-03212-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

E.  **Unjust Enrichment**

The claim for unjust enrichment is not easily understood, but Plaintiff alleges "there was clear unjust retention of an invalid ownership of a debt by the Defendant Bank of America as when the loan was allegedly assigned to them." FAC, at ¶ 82. He further alleges that the "unjust retention was at the expense of the Plaintiff inasmuch as there was an existing deed of trust with Plaintiff as Trustor." Id.

The court previously explained that a standalone cause of action for "unjust enrichment," when synonymous with "restitution," does not exist. Astiana v. Hain Celestial Grp., Inc., 783 F. 3d 753, 762 (9th Cir. 2015); Bank of New York Mellon v. Citibank, N.A., 8 Cal. App. 5th 935, 955 (2017). This is because unjust enrichment and restitution simply describe the theory underlying a claim that a defendant has been unjustly conferred a benefit "through mistake, fraud, coercion, or request." Astiana, 783 F.3d at 762. The return of that benefit is the remedy that is typically "sought in a quasi-contract cause of action." Id.

When a plaintiff asserts unjust enrichment, "a court may 'construe the cause of action as a quasi-contract claim seeking restitution.'" Id. (quoting Rutherford Holdings, LLC v. Plaza Del Rey, 223 Cal. App. 4th 221, 231 (2014); see Jogani v. Super. Ct., 165 Cal. App. 4th 901, 911 (2008). Importantly, however, a claim for quasi-contract "cannot lie where there exists between the parties a valid express contract covering the same subject matter." Lance Camper Mfg. Corp. v. Republic Indem. Co., 44 Cal. App. 4th 194, 203 (1996).

Plaintiff cannot proceed on a claim for unjust enrichment because such a claim does not exist under California law. But even if one did, Plaintiff has not alleged what mistaken benefit was conferred on Bank of America from its "unjust retention of an invalid ownership of a debt." Plaintiff also cannot proceed on a quasi-contract theory because he acknowledges the existence of an express contract covering the debt that Bank of America allegedly retained.

The claim for unjust enrichment will be dismissed.

F.  **Accounting**

An accounting is generally an equitable remedy. Pantoja v. Countrywide Home Loans,

12
Case No.: 5:15-cv-03212-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Inc., 640 F. Supp. 2d 1177, 1187 (N.D. Cal. 2009). But under certain factual circumstances, an accounting can be a cause of action when a defendant has a fiduciary duty to a plaintiff which requires an accounting, and some balance is due to the plaintiff that can only be ascertained by a judicial accounting. Id. at 1191. Thus, two elements must be pled: "(1) the relationship between a plaintiff and defendant, such as a fiduciary relationship, calls for an accounting, and (2) the defendant owes a balance to the plaintiff that is too complicated to calculate without an accounting from the Court." Ford v. Lehman Bros. Bank, FSB, No. C 12-00842 CRB, 2012 U.S. Dist. LEXIS 85600, at *45, 2012 WL 2343898 (N.D. Cal. June 20, 2012) (citing Teselle v. McLoughlin, 173 Cal. App. 4th 156, 179 (2009)). "An action for accounting is not available if the amount of debt can be made certain by calculation." Id. at *45-46.

Though the deficiencies were addressed in the prior dismissal order, Plaintiff has not remedied the accounting claim in the FAC. Plaintiff admits he has no fiduciary relationship with Defendants, and Arbuckle v. Clifford F. Reid, Inc., 118 Cal. App. 272 (1931), does not permit an exception to the "special relationship" requirement since that case involved an agency. Nor does Plaintiff plausibly explain how successive transfers of the DOT affected any payments due on the loan, or why any amount due or owed could not be determined using a simple calculation. The accounting claim will be dismissed.

### G.   UCL

The UCL proscribes three varieties of competition: "acts or practices which are unlawful, or unfair, or fraudulent." Khoury v. Maly's of California, Inc., 14 Cal. App. 4th 612, 618-19 (1993). "Unlawful" practices are "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." Saunders v. Super. Ct., 27 Cal. App. 4th 832, 838 (1999). "Unfair" practices constitute "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." Cal-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 187 (1999). The "fraudulent" prong under the UCL requires a showing of actual or potential deception to some members of the

13
Case No.: 5:15-cv-03212-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

public, or harm to the public interest. See id. at 180; see also McKell v. Wash. Mut., Inc., 142 Cal. App. 4th 1457, 1471 (2006). The UCL "borrows" violations of other laws and treats them as unfair business practices under the unlawful prong, and also "makes clear that a practice may be deemed unfair even if not specifically proscribed by some other law." Cal-Tech, 20 Cal. 4th at 180.

The UCL claim in the FAC is still implausible. It is mainly "tethered" to the other causes of action and fails along with them. See Franczak v. Suntrust Mortg. Inc., No. 5:12-cv-01453 EJD, 2013 U.S. Dist. LEXIS 126977, at *19, 2013 WL 4764327 (N.D. Cal. Sept. 5, 2013). Furthermore, the FAC does not establish how the purported increase in Plaintiff's monthly loan obligation was caused by "deceptive and unlawful activities" because it does not actually connect any of the listed examples to the increase. These "naked assertions devoid of further factual enhancement" are not enough. See Iqbal, 556 U.S. at 678.

The UCL claim will be dismissed.

### H. Leave to Amend

The court must now determine whether Plaintiff should again be granted leave to amend. "Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ., 616 F.3d 963, 972 (9th Cir. 2010) (internal citation and quotation marks omitted). However, "[a] district court may deny leave to amend when amendment would be futile" (Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1129-30 (9th Cir. 2013)), or for "failure to cure deficiencies by amendments previously allowed." Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008).

Here, the court already dismissed the causes of action for reasons similar to those discussed above. There is nothing in Plaintiff's papers which suggests that permitting yet another amended complaint will result in plausibly-pled claims. Accordingly, the court finds that leave to amend would futile and will deny such relief on that basis.

## IV. ORDER

Based on the foregoing, Defendants' Motion to Dismiss (Dkt. No. 26) is GRANTED. All causes of action asserted in the FAC are DISMISSED WITHOUT LEAVE TO AMEND.

Because this result effectively resolves this action, judgment will be entered in favor of Defendants and the Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: March 20, 2017



EDWARD J. DAVILA
United States District Judge

15
Case No.: 5:15-cv-03212-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS